**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 30, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2017AP1492**

Cir. Ct. No. 1997PA174PJ

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

IN RE THE PATERNITY OF B. C. L.:

TERRY A. LANGE,

   PETITIONER-RESPONDENT,

OUTAGAMIE COUNTY CHILD SUPPORT AGENCY,

   RESPONDENT,

   V.

PAUL M. NIGL,

   RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Outagamie County: VINCENT R. BISKUPIC, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Paul Nigl, pro se, appeals an order denying a motion, based upon his ongoing incarceration, to reduce the balance of his child support arrears, eliminate the accrued interest on those arrears, and modify his $5 weekly arrearage payment. We reject Nigl's various arguments and affirm the order.

## BACKGROUND

¶2    In February 1998, Nigl stipulated to his adjudication as the father of Benjamin.[1] At that time, Nigl was ordered to pay $100 per month in child support. In October 2000, Nigl's child support obligation was modified by stipulation to $44.80 per week plus an additional $10 per week to be applied to arrears. In 2001, Nigl was convicted of two counts of homicide by intoxicated use of a motor vehicle and sentenced to consecutive terms consisting of a total of sixty years' initial confinement followed by forty years' extended supervision. The revocation of an imposed and stayed sentence in another case increased Nigl's total initial confinement to sixty-six years.

¶3    In September 2002, the family court commissioner sent a letter to Nigl, stating the court was returning Nigl's "Motion to Reduce Child Support and Defer until Released" and his motion for visitation. It appears Nigl's requests were not in the proper form as the court commissioner's letter goes on to explain

---

[1]  Pursuant to WIS. STAT. RULE 809.81(8) (2017-18), we use a pseudonym when referring to the child in this confidential matter. All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

the process for seeking modification of an existing circuit court order. The record does not reflect that Nigl properly filed a motion as directed by the letter. In December 2005, the family court commissioner sent another letter to Nigl, stating it was returning his "Motion to Modify Order of Physical Placement," and again explaining the process for seeking modification of an existing order. The record does not reflect that Nigl followed up with a properly filed motion at that time.

¶4      On August 31, 2015, based upon his incarceration and Benjamin's emancipation, Nigl moved the family court commissioner to terminate his child support payments, to reduce his arrears and interest owed, and to modify his payment on arrears to $5 per week. Because Benjamin had reached the age of eighteen, the family court commissioner terminated Nigl's child support payments, but it denied Nigl's motion to reduce the amount of the arrears and interest owed. Although Nigl remained obligated to pay $20 per month toward birth expenses, his payment on arrears was reduced to $5 per week.

¶5      In March 2017, Nigl filed the underlying motion to reduce his child support arrears from $32,464.34 to $824.46 and to forgive the $30,907.30 he owed in interest on those arrears. He also sought to modify his monthly payment on birth expenses and child support arrears from $40 per month to a lesser amount to be determined. A family court commissioner denied the motion, and Nigl moved the circuit court for de novo review. After a hearing, the court denied Nigl's requests and this appeal follows.

## DISCUSSION

¶6      First, Nigl argues he is entitled to a reduction in the arrears balance based on the Child Support Agency's (CSA) failure to periodically review his support obligation, consistent with WIS. STAT. § 767.59(4). The statute provides,

in relevant part: "In any case in which the state is a real party in interest … the department shall review the support obligation periodically and, *if appropriate*, petition the court for revision of the judgment or order with respect to the support obligation." Sec. 767.59(4) (emphasis added). At the de novo hearing, counsel for the CSA informed the circuit court that a "Notice of Right to Review" was sent to Nigl in 2003 with no response. When the same notice was given in 2005, Nigl requested review, but the CSA determined that a petition for modification was not appropriate at that time. Nigl was instructed on the process to file his own motion for review, but he did not file a motion. Counsel for the CSA added that Nigl requested review in May 2015, however the CSA again determined it was not appropriate to petition for modification. The court determined that these reviews constituted "at least minimal compliance" with the statute.

¶7 Nigl nevertheless contends the arrears balance and the interest now owed should be adjusted retroactive to 2005, when he first requested review. As noted above, the CSA determined that a petition for modification was not appropriate at that time. Pursuant to WIS. STAT. § 767.59(1m), the circuit court "may not revise the amount of child support … or an amount of arrearages in child support … that has accrued, prior to the date that notice of the action is given to the respondent, except to correct previous errors in calculations." Nigl did not file a motion to modify his child support obligation until 2015, fourteen years after his incarceration began. Most importantly, his present motion does not seek to correct any errors in calculations but, rather, seeks to compensate him for his own failure to earlier move for modification of his child support obligation. Therefore, the exception in § 767.59(1m) does not apply to Nigl's present motion.

¶8 Next, citing both a decrease in his prison income and a newly enacted federal regulation, Nigl argues there has been a substantial change in

circumstances justifying a reduction in his payments on arrears and the forgiveness of accrued interest. This court reviews a circuit court order denying a motion to modify child support under an erroneous exercise of discretion standard, *see* ***Rottscheit v. Dumler***, 2003 WI 62, ¶11, 262 Wis. 2d 292, 664 N.W.2d 525, and we conclude the same standard of review applies to a request to modify payments on arrears and interest arising from a previous child support obligation. We will affirm the circuit court's exercise of discretion if it examined the evidence before it, applied the proper legal standards, and reached a reasonable conclusion. ***Id.*** Even if a circuit court fails to articulate the reasons for its decision, this court will independently review the record to determine whether there is any reasonable basis upon which we may uphold the circuit court's discretionary decision. ***State v. Davidson***, 2000 WI 91, ¶53, 236 Wis. 2d 537, 613 N.W.2d 606.

¶9   The burden of demonstrating a substantial change in circumstances is on the party seeking modification. ***Kelly v. Hougham***, 178 Wis. 2d 546, 556, 504 N.W.2d 440 (Ct. App. 1993). Here, Nigl argues that the reduction in his income from 2015—when the support orders were last modified, resulting from his transfer to a new institution—constitutes a substantial change in circumstances justifying the relief sought.[2] Incarceration by itself, however, neither mandates nor prevents modification of a child support obligation. ***Rottscheit***, 262 Wis. 2d 292, ¶1. Rather, "[i]ncarceration is one factor that should be considered, but the determination should be made on a case-by-case basis, looking at the totality of

---

[2] Nigl's prison income decreased from $70 per month as a plumber and HVAC technician at Waupun Correctional Institution to $8 per month at Redgranite Correctional Institution, despite his efforts to attain comparable employment at Redgranite. Nigl asserted that better paying jobs are reserved for those that are closer to their release date.

the relevant circumstances." ***Id.*** The factors for consideration regarding an incarcerated payer include, but are not limited to

> the length of incarceration, the nature of the offense and the relevant course of conduct leading to incarceration, the payer's assets, the payer's employability and the likelihood of future income upon release, the possibility of work release during incarceration, the amount of arrearages that will accumulate during the incarceration, and the needs of the children.

***Id.***, ¶41.

¶10 In denying Nigl's motion, the circuit court properly considered factors set forth in ***Rottscheit***, noting Nigl was, in effect, "serving a life term," thus limiting his ability to have income or assets. The court engaged Nigl in a colloquy regarding his employability and the possibility of work release during incarceration, specifically acknowledging that Nigl's opportunities for employment were reduced following his transfer from Waupun Correctional Institution to Redgranite Correctional Institution. The court heard argument regarding the nature of Nigl's offenses and the course of conduct leading to his incarceration.

¶11 The circuit court also noted the significant amount of arrears plus interest that will continue to accrue during Nigl's incarceration, recognizing it is unlikely the full amount will ever be collected. The court further considered the child's needs in discussing the financial impact of the child support order. The court acknowledged that even if the child sees only a "very, very small percentage" of the support obligation, it "can be very important to the custodial parent and child." Although the court lamented the "flaw" in the correctional system that limits Nigl's ability to earn more income through work, it correctly

determined those limitations were not attributable to either the mother or the child. Ultimately, the court reiterated—as one ***Rottscheit*** factor, among other factors—that Nigl alone was responsible for his incarceration and, looking at the totality of the circumstances, it properly exercised its discretion when it denied the motion to either modify Nigl's payment on arrears or forgive the interest on those arrears.

¶12    Nigl alternatively contends that pursuant to changes in the federal guidelines for setting child support orders, *see* 45 C.F.R. § 302.56(c)(3) (2016) (effective January 19, 2017), "incarceration may not be treated as voluntary unemployment in establishing or modifying support orders."  Here, the circuit court did not treat Nigl's incarceration as involuntary unemployment but, rather, it merely applied the ***Rottscheit*** factors in deciding Nigl's motion.  Because we discern no violation of 45 C.F.R. § 302.56(c)(3), Nigl fails to show that this newly enacted regulation constitutes a change in circumstances warranting the modifications sought.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.